107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William W. GRANTHAM; Wickenburg Resort Investors Limited
Liability Company, an Arizona LLC, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION, Defendant,
and
Petroleum, Inc., a Kansas corporation; Universal Resources
Corporation, a Texas corporation; John Garvey;
Thomas Spines, Defendants-Appellees.
 No. 95-17350.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Feb. 27, 1997.
 
 1
 Before: NORRIS and KOZINSKI, Circuit Judges, and MOLLOY,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This lawsuit grew out of the appellants' failed attempt to purchase the Wickenburg Inn from the Resolution Trust Corporation ("RTC"). The appeal involves two claims against the appellees, the actual buyers of the Inn: one for tortious interference with existing contractual relations, and one for tortious interference with prospective contractual relations.[1]
 
 
 4
 The district court granted the appellees' motion to dismiss both claims. We AFFIRM the district court's dismissal of the claim for tortious interference with existing contractual relations for the reasons stated by the district court in its August 30, 1995 order. See Order, filed August 30, 1995, at 8-12. We VACATE the district court's dismissal of the claim for tortious interference with prospective contractual relations and REMAND for further proceedings because this claim turns on the reasonableness of the appellants' expectation that the RTC would reinstate the Basic Contract. This is a question of fact which cannot be resolved at the 12(b)(6) stage.
 
 
 5
 The district court reasoned that the RTC's oral agreement to reinstate the Basic Contract could not have created a legally protected expectancy because such an agreement would violate the Arizona statute of frauds, which requires contracts for the sale of real estate to be in writing to be enforceable. Id. at 13. It is true that Arizona law requires contracts for the sale of real estate to be in writing to be enforceable. See Ariz.Rev.Stat.Ann. § 44-101 (West 1996). However, the appellants' claim for tortious interference with prospective contractual relations is not dependent upon the existence of a legally enforceable contract.
 
 
 6
 Although there is no Arizona law directly on point (i.e., addressing the question whether a claim for tortious interference with prospective contractual relations is dependent upon compliance with the statute of frauds), it appears that under Arizona law, a tort "may be committed even where the plaintiff has no contractual rights but simply the prospect of a contractual relationship." Bar J Bar Cattle Co. v. Pace, 158 Ariz. 481, 486; 763 P.2d 545, 550 (Ariz.Ct.App.1988) (citing Restatement (Second) of Torts § 766B comment c (1979) ("The relations protected against intentional interference by the rule ... include any prospective contractual relations ... if the potential contract would be of pecuniary value to the plaintiff.")).
 
 
 7
 The California Supreme Court has held that a claim for intentional interference with prospective economic advantage is not dependent on compliance with the statute of frauds. See Buckaloo v. Johnson, 14 Cal.3d 815, 822; 537 P.2d 865, 868 (1975). It reasoned:
 
 
 8
 This is a tort theory of recovery rather than contract, and is based on interference with a "relationship" between parties irrespective of the enforceability of the underlying agreement. As stated in the leading California case of Zimmerman v. Bank of America: "The tort of interference with an advantageous relationship, or with a contract, does not ... disintegrate because it relates to a contract not written or an advantageous relation not articulated into a contract. The nature of the tort does not vary with the legal strength, or enforceability, of the relation disrupted. The actionable wrong lies in the inducement to break the contract or to sever the relationship, not in the kind of contract or relationship so disrupted, whether it is written or oral, enforceable or not enforceable."
 
 
 9
 Id. (citation omitted) (emphasis in original). Because we believe that the Arizona Supreme Court would find the California Supreme Court's reasoning to be persuasive, we hold that to prevail upon their claim for tortious interference with prospective contractual relations, the appellants need not show that they could have enforced the alleged oral agreement with the RTC. Accordingly, the Arizona statute of frauds is not dispositive of the 12(b)(6) motion as it relates to this claim.
 
 
 10
 To prevail upon their claim for tortious interference with prospective contractual relations, the appellants need only prove that their expectation that the RTC would reinstate the Basic Contract was reasonable. Determining whether the expectation was reasonable involves such facts as the nature of the asset manager's authority in the contract process, exactly what was said at the January 27, 1994 meeting between the appellants and the RTC, and any other circumstances bearing on the probability that the alleged oral agreement would be reduced to writing.
 
 
 11
 The judgment dismissing the action is AFFIRMED in part and VACATED in part. The case is REMANDED for further proceedings.
 
 
 12
 The parties shall bear their own costs.
 
 
 
 *
 Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The elements of this cause of action are:
 (1) The existence of a valid contractual relationship or business expectancy;
 (2) knowledge of the relationship or expectancy on the part of the interferor;
 (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
 (4) resultant damage to the party whose relationship or expectancy has been disrupted.
 Hirsch v. Cooper, 737 P.2d 1092, 1097 (Ariz.Ct.App.1986).